
~~SEALED~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 01-6215-CR-JORDAN/BANDSTRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Unsealed 7/18/03

WILLIAM P. TRAINOR,

    Defendant.
_____/

## WILLIAM TRAINOR'S REPLY TO GOVERNMENT'S RESPONSE TO CORRECT MOTION TO DISMISS COUNTS 1-10, 12-14, AND 16-21 OF THE SUPERSEDING INDICTMENT AS BEING BARRED BY THE STATUTE OF LIMITATIONS

    William Trainor, through undersigned counsel, hereby respectfully files this Reply to the Government's Response to his Corrected Motion to Dismiss Certain Counts of the Superseding Indictment as Being Barred by the Statute of Limitations.

### A. The district court was without jurisdiction to suspend the running of the statute of limitations

    On February 28, 2002, the undersigned filed a motion with the district court requesting that the record in Grand Jury 00-01, the grand jury that investigated Mr. Trainor, be unsealed with regard to the government's motion to suspend the running of the statute of

limitations. On March 5, 2002, the Honorable Jose A. Gonzalez granted the aforementioned motion, and directed the Clerk of the Court to provide the undersigned a copy of the record.

Thereafter, the undersigned received from the Clerk's Office a copy of a Sealed Motion for Suspension of Statute of Limitations that was date-stamped <u>April 6, 2001</u>. The undersigned also received a copy of Judge Gonzalez' May 10, 2001 Order that suspended the statute of limitations.[1] As is clear from a review of Judge Gonzalez' Order, there is nothing to indicate that Judge Gonzalez was acting upon a motion filed by the government subsequent to April 6, 2001. Therefore, the Court was without jurisdiction to enter the Order suspending the running of the statute of limitations.

**B.    The government did not seek material information and the statute of limitations should not have been tolled and was not diligent**

As demonstrated by the government's response, the information that the government sought was not material and was merely incidental to the government's case. As such, the government's request did not justify tolling. The prosecutor sets forth on pages 11-12 of his response the material evidence needed from Mr. Schweitzer. None of these allegations required Mr. Schweitzer's testimony. For example, the government clearly did not need Mr. Schweitzer to show that Mr. Trainor "represented to others and caused others to represent that in April 1995 NED provided $250,000 in cash and equipment . . . to Universal . . ." Presumably, this evidence would come from those who Mr. Trainor represented the

---

[1] As these documents remain sealed by Order of the Court, the undersigned will file them as a sealed supplement to this motion.

2

foregoing and those he caused to represent the foregoing. Likewise, the government did not need Mr. Schweitzer to show that "NED was not the real source of the $250,000 . . . ." Banking and corporate records would appear to have done the trick in this regard.

And so on. The government did not need Mr. Schweitzer to establish that Medical Products, Inc merged with Novatek. Indeed, the SEC began this investigation and the government has access to the public filings concerning the merger. Why did the government need Mr. Schweitzer to demonstrate that money flowed from NED to Mr. Trainor and his family members as asserted in the response? Again, banking and corporate records would have shown these alleged transactions.

The government had alternative means to demonstrate each and every one of the purported allegations that required Mr. Schweitzer's testimony. Indeed, the government had this evidence available in the form of depositions and documentary evidence from other participants and cooperating witnesses.

By the Fall of 1996, amply demonstrated through the investigation of the Securities and Exchange Commission, the government knew of Mr. Schweitzer's involvement with NED. Why did the government wait until October 2000 to transmit the Official Request for Assistance to Switzerland? The government cannot now claim that a diligent pursuit of this evidence occurred.

3

## CONCLUSION

Wherefore, William Trainor, respectfully requests that this Court dismiss Counts 1-10, 12-14, and 16-21 of the superseding indictment as being barred by the statute of limitations. Mr. Trainor respectfully requests an evidentiary hearing on this matter.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: /s/ M. Caruso

Michael Caruso
Assistant Federal Public Defender
Florida Bar No. 0051993
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000, Ext. 135
(305) 536-4559, Fax

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed the _4th_ day of December, 2002, to United States Attorney, 99 NE 4th Street, Miami, FL 33132-2111 and Jack B. Patrick, Senior Trial Attorney, Fraud Section, Criminal Division, United States Department of Justice, 10th & Constitution Avenue, N.W., Bond Building, Room 3114, Washington, DC 20005.

By: _____
Michael Caruso

J:\Trainor, William P. Reg09598-158\Pleadings\Response to Corrected Motion to Dismiss.wpd

5

**FAXBACK SERVICE LIST**

Michael Caruso, Esq.
Assistant Federal Public Defender
150 West Flagler Street
Suite 1700
Miami, Florida 33130
Tel: (305)530-7000, ext. 135
Fax: (305)536-4559
Counsel for William P. Trainor


Assistant United States Attorney's Office
99 N.E. 4th Street
Miami, Florida 33132
Tel:  (305)961-9100
Fax:  (305)530-7976
Counsel for the Government

Jack B. Patrick, Esq.
Senior Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
10th & Constitution Avenue, N.W.
Bond Building, Room 3114
Washington, D.C.  2005
Tel: (205)514-9842
Fax: (205)514-0152
Counsel for the Government

```
                                                              [vdkttext]


                             Case Selection
Dkt type: cr   Case Number: 01-6215      Division: 0   FtLauderdale

Transaction: kseal doc -/-/- - -
                             History Record
Occurrence date:   12/03/02      Service date :           ID#  5489399
                             Document Record
Document number:     90     -1   Document type :doc         -
Date filed : 12/03/02            Date disposed :       Term # :
Date req :                       Time req :            Flag :
Requested Amt :
+------------------------------------------------------------+
 SEALED DOCUMENT as to William P. Trainor



+editing docket text----------------------------------------+


 Command mode (? for commands)
```